UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HERMAN TRACY CLARK [Pro se], )
    Plaintiff, )
)
Vs ) No. CIV-20-981-G
)
)
OKLAHOMA PARDON AND PAROLE )
BOARD and MEMBERS, )
TOM BATES, EXECUTIVE DIRECTOR, ) **SEVENTH AMENDMENT**
HONORABLE C. ALLEN McCALL, J.D, ) **JURY TRIAL DEMAND**
MEMBER, LARRY MORRIS, MEMBER, )
KELLY DOYLE, MEMBER, ADAM LUCK, )
MEMBER, ROBERT GILLILAND, J.D. )
MEMBER, )
    Defendants. )

**FILED**

SEP 2 8 2020

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

## A. JURISDICTION AND VENUE

1) Plaintiff, Herman Tracy Clark, #368606 is a born citizen of the United States who presently resides at Lexington Correctional Center, 15151 East Hwy. 39, P.O. Box 260, Lexington, OK 73051, in the custody of Warden Rick Whitten.

2) At all times, for the purpose of this lawsuit the November 1, 2018 amendment to 57 O.S. § 571 excepting Plaintiff for an annual eligibility for consideration for parole.

3) The Defendant's failure to follow the form of law appropriate and just to the Plaintiff is a violation of the Fourteenth Amendment.

4) Defendant Oklahoma Pardon and Parole Board (Board) is an agency for the State of Oklahoma created by constitutional amendment in 1944, Article 6, § 10, the Legislature enacted statutes governing the Board's duties, included was 57 O.S. Supp. 1947 § 332.7, 1947 Okla. Sess. Laws p. 343 § 1, subsequent amendments and 57 O.S. § 571 as amended effective November 1, 2018.

5) Defendant Tom Bates, is a citizen of Oklahoma, and is employed as Executive Director for the Oklahoma Pardon and Parole Board. Through the authority of policy, Defendant delegates to the Pardon and Parole Board members, duties imposed by law. The last known address is Oklahoma Pardon and Parole Board, 2915 N. Classen Blvd., Suite 405, Oklahoma City, OK 73106.

6) Defendant Honorable C. Allen McCall, J.D. is appointed to the Oklahoma Pardon and Parole Board according to Article 6, Section 10 of the Oklahoma Constitution. The last known address is Oklahoma Pardon and Parole Board, 2915 N. Classen Blvd., Suite 405, Oklahoma City, OK 73106.

7) Defendant Mr. Larry Morris is appointed to the Oklahoma Pardon and Parole Board according to Article 6, Section 10 of the Oklahoma Constitution. The last known address is Oklahoma Pardon and Parole Board, 2915 N. Classen Blvd., Suite 405, Oklahoma City, OK 73106.

8) Defendant Ms. Kelly Doyle is appointed to the Oklahoma Pardon and Parole Board according to Article 6, Section 10 of the Oklahoma Constitution. The last known address is Oklahoma Pardon and Parole Board, 2915 N. Classen Blvd., Suite 405, Oklahoma City, OK 73106.

9) Defendant Mr. Adam Luck is appointed to the Oklahoma Pardon and Parole Board according to Article 6, Section 10 of the Oklahoma Constitution. The last known address is Oklahoma Pardon and Parole Board, 2915 N. Classen Blvd., Suite 405, Oklahoma City, OK 73106.

10) Defendant Mr. Robert Gilliland, J.D. is appointed to the Oklahoma Pardon and Parole Board according to Article 6, Section 10 of the Oklahoma Constitution. The last known address is Oklahoma Pardon and Parole Board, 2915 N. Classen Blvd., Suite 405, Oklahoma City, OK 73106.

11) At all times for the purpose of this action the Defendants were acting under the color of state law to arbitrarily and knowingly with deliberate indifference abridged Plaintiff's clearly established annual consideration right under statutory law that a reasonable person would have known.

12) The Defendants are being sued in their official and individual capacities for injunctive, compensatory and punitive damage.

13) Jurisdiction is invoked pursuant to 42 U.S.C. §1983; 28 U.S.C. § 1331; 28 U.S.C. §1343(a)(3); 28 U.S.C. §1367; 28 U.S.C. §1391; the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and The Oklahoma Prison Overcrowding Emergency Powers Act (OPOEPA).

## B. NATURE OF THE CASE

1) The nature of this case is that Plaintiff is deprived of the Due Process and Equal Protection Clauses protected by the Fourteenth Amendment to the United States

Constitution when he did not receive consideration for parole within one (1) year after the 2018 Amendment as prescribed by law.

2)   Plaintiff's reasoning is the November 1, 2018 amendment to 57 O.S. § 571 excepting his 21 O.S. § 701.1(2) crime from the list of crimes requiring three (3) year reconsideration after denial of parole and 2 stage reviews under a different category. The Legislative amendment is specific that Plaintiff's consideration for parole is now to be considered every year. Plaintiff anticipate repudiation of the Defendants' charged duties.

### C. CAUSE OF ACTION

1) Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein and alleges that the following Fourteenth Amendment rights, privileges or immunities under the United States Constitution have been violated and form the basis for the following allegations:

A) (1) **Count 1**:  The Defendants are deliberately and indifferently depriving Plaintiff of his property and/or liberty interest right to an annual eligibility for consideration protected by the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and abridging the duties as directed by OPOEPA to exempt his crime to annual consideration.

(2) **Supporting Facts**:

a)   The Oklahoma Prison Overcrowding Emergency Powers Act, 57 O.S. Section 571(2) defines "Violent crime" means any of the following felony offenses and any attempts to commit or conspiracy or solicitation to commit the following crimes - i. murder in the first degree, as provided for in Section 701.7 of Title 21 of the Oklahoma Statutes.

b)   Plaintiff is convicted for the January 6, 1975 crime of murder in the first degree provided for in Section 701.1(2) of Title 21 of the Oklahoma Statutes. This statute was effective from May 17, 1973 to July 23, 1976 before it was abolished by Legislature.

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Plaintiff has filed a number of lawsuits in the last 18 years being successful on one filed in 2002 and settled in 2005. Around 2006 through 2010 Plaintiff initiated action against the prison trust fund officer when his prison account was frozen without notice. This action was dismissed. Subsequently an action was against the law library for being insufficient by making one circuit law available. This action was dismissed and the library added all the circuits to the legal research center. The last lawsuit had the Governor as the defendant on a 2015 parole issue. Plaintiff received a strike for this

lawsuit. Unfortunately a 2020 Circuit ruling compelled the District Court for the Western District of Oklahoma to dismiss complaint as being untimely, Clark v. Oklahoma Pardon and Parole Board, CIV 20-63-C. Plaintiff does not have the case numbers and information on previous lawsuits because of the limited space for storage.

2) There is no posted administrative procedure in place to challenge the Defendants depriving Plaintiff of his constitutional rights.

## F. REQUEST FOR RELIEF

1) Plaintiff believes that he is entitled to the following relief:

    a) Declaratory judgment on the Constitutional rights and statutory entitlements of the Plaintiff for the annual eligibility for parole consideration OPOEPA mandates to wit; an annual parole regime that complies to the regulations prescribed by law, directing an 18-60 year sentence as the definition of "Life imprisonment" apply to the Oklahoma Truth in Sentencing Act, derived from a statute that had been abolished by the Legislature, constitutionally fashions a liberty interest within the meaning of fundamental federal law and Defendants' repudiation were wrongful, deliberate and indifferent to clearly established law for an annual consideration.

    b) Injunctive relief to immediately be placed on the next docket for a recommendation to the Governor prescribed by law.

    c) Compensatory damages in the amount of $150,000.00 for loss job wage opportunities.

    d) Punitive damages in the amount $250,000.00.

## G. DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the Plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. § 1746. 18 U.S.C. § 1621.

Executed at Lexington, Oklahoma on September __24__, 2020.

*Herman Clark*
Herman T. Clark #368606
LCC 5-G1-J,
P.O. Box 260
Lexington, OK 73051